UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23960-GAYLES/OTAZO-REYES

**SABRIAN BRUTON**,

 Plaintiff,

v.

**CITY OF HOMESTEAD, a municipal subdivision of the State of Florida, SHAVAR SIMMONS, CARLOS LAGO, ENGELBERT GUZMAN, CHRISTIAN DEJOHN, KEVIN CARVAJAL, and EILEEN CALVO**,

 Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants', the City of Homestead (the "City"), Officer Eileen Calvo, and Officer Christian Dejohn (collectively, "Defendants"), Motion to Dismiss (the "Motion") [ECF No. 5]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### BACKGROUND[1]

**I. Factual Background[2]**

On July 6, 2018, Officer Dejohn initiated a traffic stop on Plaintiff Sabrian Bruton's vehicle for an allegedly improper license plate cover. Although Plaintiff complied with the traffic stop, Officer Dejohn approached Plaintiff's vehicle with his firearm drawn. Officer Calvo deescalated

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

[2] Plaintiff Sabrian Bruton previously filed a similar action, which the Court dismissed without prejudice for failure to state a claim. *See Bruton v. City of Homestead*, No. 19-CIV-23999, [ECF No. 15] (S.D. Fla. Mar. 25, 2020). Therefore, the Court assumes the parties' familiarity with the factual allegations.

the situation when she arrived at the scene. After Officer Dejohn ran Plaintiff's identifying information through the computer system, he abruptly ordered Plaintiff out of his vehicle. Although Plaintiff complied and exited his vehicle, Officer Dejohn again drew his firearm and ordered Plaintiff to the ground. Because he feared for his life, Plaintiff fled the scene by foot. Officers Carvajal, Guzman, Lago, and Simmons arrived at the scene and assisted Officers Dejohn and Calvo in pursuing Plaintiff. Plaintiff entered the backyard of a residence, where Officer Carvajal eventually handcuffed Plaintiff's hands and feet. Plaintiff alleges that Officers Carvajal, Lago, Simmons, and Guzman began beating him while handcuffed, causing Plaintiff to suffer significant injuries that required facial reconstruction surgery. Plaintiff also alleges that Officer Calvo observed the incident from "about one hundred (100) feet away," but failed to act. [ECF No. 1 at 6 ¶ 35]. Plaintiff does not, however, allege that Officer Dejohn observed the incident.

## II.   Procedural History

On September 27, 2019, Plaintiff filed an action against the City and Officers Calvo, Carvajal, Dejohn, Guzman, Lago, and Simmons. *See Bruton v. City of Homestead*, No. 19-CIV-23999, [ECF No. 1] (S.D. Fla. Sept. 27, 2019). On March 25, 2020, this Court dismissed Plaintiff's action without prejudice for failing to properly allege his claims. *See Bruton v. City of Homestead*, No. 19-CIV-23999, [ECF No. 15] (S.D. Fla. Mar. 25, 2020). On September 29, 2020, Plaintiff filed a new action[3] against the City and Officers Calvo, Carvajal, Dejohn, Guzman, Lago, and Simmons, alleging: (1) excessive force in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, as to Officers Carvajal, Guzman, Lago, and Simmons (Count I); (2) failure to intervene in violation of the Fourth and Fourteenth Amendments, pursuant to § 1983, as to Officers Calvo, Carvajal, Dejohn, Guzman, Lago, and Simmons (Count II); deliberately

---

[3] This action was initially assigned to District Judge Beth Bloom. [ECF No. 2]. This Court accepted transfer of this matter because of Plaintiff's previous action before this Court. [ECF No. 7].

indifferent policies, practices, customs, training, and supervision in violation of the Fourth and Fourteenth Amendments, pursuant to § 1983, as to the City (Count III); and (4) state law battery against Officers Carvajal, Guzman, Lago, and Simmons (Count IV). [ECF No. 1]. On October 14, 2020, Defendants filed the instant Motion. [ECF No. 5].

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

## DISCUSSION

**I.    Count II: Failure to Intervene Against Officers Calvo and Dejohn**

In Count II of the Complaint, Plaintiff brings claims against Officers Calvo, Carvajal, Dejohn, Guzman, Lago, and Simmons for "failing to intervene and prevent the violation of

Bruton's constitutional rights by fellow officers." [ECF No. 1 at 13 ¶ 73]. Defendants move to dismiss the Complaint as to them for two reasons. First, Defendants argue that Officers Calvo and Dejohn should be entitled to qualified immunity. [ECF No. 5 at 4–5]. Second, Defendants argue that Plaintiff fails to allege that Officers Calvo and Dejohn's actions violated the Fourth Amendment. [ECF No. 5 at 5–7]. Specifically, Defendants argue that Plaintiff has not sufficiently alleged that Officers Calvo and Dejohn had the opportunity, or were in a position, to intervene during the alleged excessive force. *Id.*

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law committed an act that deprived him of some right protected by the Constitution or laws of the United States." *Lindbloom v. Manatee Cnty.*, 808 F. App'x 745, 749 (11th Cir. 2020) (per curiam). "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007) (per curiam) (internal quotation marks omitted) (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002)). This means that "an observing officer must have both the opportunity to intervene and be in a position to intervene and yet fail to do so." *Johnson v. White*, 725 F. App'x 868, 878 (11th Cir. 2018) (per curiam). A claim for failure to intervene therefore involves determining (1) whether excessive force was used by an officer and (2) whether other officers were "in a position to intervene yet failed to do so." *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008).

Here, assuming the Court were to find that Officers Carvajal, Guzman, Lago, and Simmons used excessive force, Plaintiff still fails to "allege any facts that would allow [the Court] to conclude that [Officers Calvo and Dejohn] had time and were in a position to intervene." *Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 672 (11th Cir. 2016) (per curiam). As to Officer Calvo,

4

Plaintiff fails to sufficiently allege how Officer Calvo—from approximately 100 feet away and within seconds—was in a position to intervene under the circumstances. *See Johnson*, 725 F. App'x at 878 ("Instances of force that occur within seconds do not place officers in a realistic position to intervene."); *Hadley*, 526 F.3d at 1331 ("The court did not find that [the officer] . . . could have anticipated and then stopped [the excessive force] . . . ."). Plaintiff fails to even allege that Officer Dejohn was present during the alleged excessive force. *See Militello v. Sherriff of Broward Sheriff's Off.*, 684 F. App'x 809, 815 (11th Cir. 2017) (granting qualified immunity where corrections officers did not observe the alleged physical attack and did not have an opportunity to intervene). Defendants' Motion is therefore granted as to Count II, and Plaintiff's Complaint is dismissed without prejudice as to Count II.

## II.     Count III: Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision Against the City

In Count III of the Complaint, Plaintiff alleges that the City "failed to adequately train or otherwise supervise and direct [the Homestead Police Department] and its officers concerning the rights of the citizens they encounter in their duties," resulting in "a well-settled policy, practice[,] and custom for officers . . . to take extreme and reckless action against the citizens of the City . . . all in the name of self-defense, resulting in officers seriously injuring innocent citizens." [ECF No. 1 at 17 ¶ 97]. Defendants argue that Plaintiff's claim is insufficient because he fails to allege that an unconstitutional policy existed or that a municipal custom exists that is causally connected to his injuries. [ECF No. 5 at 7–13].

Ordinarily, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). *See also Mercado v. City of Orlando*, 407 F.3d 1152, 1161 (11th Cir. 2005) ("[M]unicipalities cannot be held liable for employees under *respondeat superior*."). However, a

local government is responsible under § 1983 "when execution of a government's policy or custom . . . inflicts the injury . . . ." *Monell*, 436 U.S. at 694. Stated differently, a city is liable "only for acts for which [the city] is actually responsible." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citation and internal quotation marks omitted). "[T]o impose § 1983 liability on a [city], a plaintiff must show: (1) that his constitutional rights were violated; (2) that the [city] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

To establish the City's policy, Plaintiff must "identify either (1) an officially promulgated [City] policy or (2) an unofficial custom or practice of the [City] shown through the repeated acts of a final policymaker for the [City]." *Grech*, 335 F.3d at 1329. "Because a [city] rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the [city] has a custom or practice of permitting it and that the [city's] custom or practice is the moving force [behind] the constitutional violation." *Id.* at 1330 (fourth alteration in original) (internal quotation marks omitted) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

The Court finds that Plaintiff fails to properly raise his § 1983 claim because he does not specifically allege an official City policy or custom that caused a violation of his constitutional rights. Rather, Plaintiff alleges generally that: (1) the City had "a well-settled policy, practice[,] and custom for officers . . . to take extreme and reckless action . . . in the name of self-defense;" (2) the City "was on notice[] by this history of widespread abuse;" and (3) the City "ratified, condoned, and consented to [the Homestead Police Department] officers' unlawful conduct" by "limiting and/or failing to properly investigate . . . ." [ECF No. 1 at 17–18 ¶¶ 97–99]. However,

6

these allegations are vague and conclusory, and Plaintiff fails to provide a factual basis for them in his Complaint. Plaintiff also fails to specifically allege that the City repeatedly failed to train or supervise its officers. While he cites to articles detailing incidents of excessive force by police officers, *see* [ECF No. 1 at 18–19 nn.2–3], the incidents described in those articles are too remote and not substantially similar to the incident in this case. *See Mercado*, 407 F.3d at 1161–62 (holding that "a plaintiff could not establish a *Monell* claim when he could not point to any other incidents involving similar facts"). And, as Defendants aptly note, "random acts or isolated incidents are insufficient to establish a custom or policy." *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986). Defendants' Motion is therefore granted as to Count III, and Plaintiff's Complaint is dismissed without prejudice as to Count III.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants', the City of Homestead, Officer Eileen Calvo, and Officer Dejohn, Motion to Dismiss, [ECF No. 5], is **GRANTED**.

2. Plaintiff Sabrian Bruton's Complaint, [ECF No. 1], is **DISMISSED without prejudice** as to Counts II and III.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of October, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE